IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05477-PAB

KATERIN FABIOLA SANTOS GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Katerin Fabiola Santos Gonzalez's First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Expedited Relief [Docket No. 10]. Respondents filed a response. Docket No. 12.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in approximately 2016, when she was a minor. Docket No. 10 at 2, 5, ¶¶ 7, 20. According to the Department of Homeland Security's ("DHS") Form I-213,[1]

[1] A Form I-213, Record of Deportable/Inadmissible Alien, "captures a range of information regarding a noncitizen apprehended by DHS to support the factual

petitioner received a positive credible-fear determination in 2016 and was released on an order of recognizance on June 5, 2016, and her earlier immigration case appears to have been dismissed by an immigration judge ("IJ") on July 22, 2022. *Id.* at 5, ¶ 21. DHS's records report no criminal history and identify no missed immigration hearing, absconding, or violation of the conditions of petitioner's prior release. *Id.* at 5, 6, ¶¶ 22, 28.

On October 15, 2026, petitioner accompanied her significant other, a Major in the United States Air Force, to Joint Base Anacostia-Bolling in Washington, D.C., where she was detained. *Id.* at 5, 6, ¶¶ 23, 29. DHS served her with a Notice to Appear that same day. *Id.* at 5, ¶ 24. Petitioner was initially held in Virginia and then transferred to the Denver Contract Detention Facility in Aurora, Colorado, where she remains detained. *Id.* at 5, 7, ¶¶ 25, 40. Her removal proceedings are pending before the Aurora Immigration Court. *Id.* at 5, ¶ 25.

On October 24, 2026, petitioner filed a habeas petition, which respondents responded to on November 9, 2026. Docket Nos. 1, 5. On November 10, 2026, the Court gave petitioner permission to file a brief addressing the circumstances of her detention, which the petition did not explain. Docket No. 6. On November 13, 2026, petitioner filed a response to the Court's order providing additional information and

---

allegations and charge(s) of removability contained in [a Form I-862 Notice to Appear]," including "biographic information, possible criminal records, any history of apprehension and detention by immigration authorities, and other relevant information." U.S. Dep't of Just., Descriptions of Forms and Supporting Documents 1, https://www.justice.gov/d9/2024-09/02._sept_24_descriptions_of_forms_and_supporting_documents.pdf (last visited Nov. 23, 2026).

requesting that the Court "hold the Petition in abeyance for ten days" as petitioner underwent a scheduled custody redetermination. See generally Docket No. 7.

On November 16, 2026, an IJ held a custody redetermination hearing. Docket No. 10 at 5, ¶ 26. Petitioner submitted evidence that, upon her release, she would live with her significant other at his home in Washington, D.C., and that he would provide her with financial support and ensure that she attended every required immigration hearing. *Id.* at 6, ¶¶ 29-30. The IJ stated that she had no concerns regarding danger, but denied bond on the basis that petitioner is a flight risk. *Id.*, ¶ 32. According to petitioner, the IJ did not identify which party bore the burden of proof or what standard of proof applied. *Id.* at 6-7, ¶ 33. The IJ's written order states only that, "[f]or the reasons stated at the custody redetermination hearing, the Court finds that Respondent is a flight risk and that the risk would not be mitigated by a bond amount or alternates [*sic*] to detention." Docket No. 8-1 at 2.

After the November 16, 2026 bond hearing, petitioner filed an emergency motion asking the Court to grant the petition and order her release. Docket No. 8. The Court denied the motion as an improper procedural mechanism. Docket No. 9.

On November 18, 2026, petitioner filed an amended petition, arguing, among other things, that her detention violates her due process rights under the Fifth Amendment because the IJ did not require the government to bear the burden of justifying her continued detention by clear and convincing evidence. Docket No. 10 at 9-10, ¶¶ 50-55. For relief, petitioner requests that the Court order respondents to release her from detention or, alternatively, to provide her a new bond hearing at which the government bears the burden of proof. *Id.* at 11.

On November 23, 2026, respondents filed a response. Docket No. 12. The response indicates that respondents "are not submitting a brief in opposition to the Amended Petition detailing the facts and circumstances of this case" and "recognize that the Court may then decide to grant the Amended Petition and award appropriate relief." *Id.* at 1. Respondents further state that, "if the Court does grant the Amended Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, *release* Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

As an initial matter, it is undisputed that petitioner is detained under 8 U.S.C. § 1226(a). Docket No. 10 at 1, 4, ¶¶ 2, 16; *see generally* Docket No. 12; *see also* *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

When reviewing an IJ's decision in a bond hearing under § 1226(a), the scope of the Court's review is narrow. The Immigration and Nationality Act provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks, alternation, and citation

omitted). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). "Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." *Castillo v. Field Off. Dir.*, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) (collecting cases). "Thus, the Court can 'review the nature and structure of [an IJ's] opinion for the minimal indicia of due process.'" *Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (quoting *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026)). And in the context of § 1226(a) bond hearings, due process requires the government to "establish that continued detention is justified by clear and convincing evidence." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024); *Mota Villareal v. Baltazar*, No. 26-cv-02030-PAB, 2026 WL 2640620, at *2 (D. Colo. Sep. 8, 2026) (finding that a "bond hearing failed to provide petitioner with an adequate bond hearing under § 1226(a) because it is undisputed that the immigration judge placed the burden of proof on the petitioner instead of the government"); *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) ("'[A] noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge 'simply did not apply the correct standard to the facts.'") (citation omitted).

Here, petitioner alleges that, at the November 16, 2026 bond hearing, the IJ did not identify which party bore the burden of proof or what standard of proof applied, did not find that the government had proved by clear and convincing evidence that petitioner is a flight risk, and instead denied bond based on perceived gaps in petitioner's own evidence, including that she had not yet filed an application for relief. Docket No. 10 at 6-7, 10, ¶¶ 33-34, 53. Respondents do not argue to the contrary. *See generally* Docket No. 12. Nor does the IJ's written order identify any burden or standard of proof; it states only that petitioner is a flight risk "[f]or the reasons stated at the custody redetermination hearing." Docket No. 8-1 at 2. Accordingly, the Court finds that petitioner's bond hearing was deficient because the IJ failed to hold the government to its burden of proof to show that petitioner's continued detention was proper by clear and convincing evidence. Petitioner is therefore entitled to relief.

Respondents submit that, if the Court grants the amended petition, the appropriate relief is for the Court to order respondents to "release Petitioner from detention." Docket No. 12 at 1. Petitioner also seeks her release from detention. Docket No. 10 at 11. Thus, the Court will order respondents to release petitioner.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Katerin Fabiola Santos Gonzalez's First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Expedited Relief [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that petitioner's Request to Hold Petition in Abeyance [Docket No. 7] is **DENIED as moot**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge